```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                            :
UNITED STATES OF AMERICA,                   :
                                            :    Case No. 4:18-cr-552
              Plaintiff,                    :
                                            :
vs.                                         :    OPINION & ORDER
                                            :    [Resolving Doc. 13]
ARMANDO MINES,                              :
                                            :
              Defendant.                    :
                                            :
------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this case, a federal grand jury indicted Defendant Armando Mines for attempting to obtain contraband while incarcerated in federal prison.[1]

Defendant moves to suppress potentially incriminating statements he made to an FBI Special Agent about contraband.[2] Defendant Mines says he never received a *Miranda* warning and never waived his *Miranda* rights.[3]

The Government responds that no such warning was necessary because Defendant Mines was never in custody.[4]

The Court held a hearing on this issue on November 26, 2018.[5]

For the following reasons, the Court **DENIES** Defendant's motion to suppress.

## I.     Background

In July 2017, FBI Special Agent Todd Berry interviewed Defendant Mines at a

---

[1] Doc. 1.
[2] Doc. 13. The Government opposes. Doc. 17.
[3] Doc. 13. .
[4] Doc. 17.
[5] Doc. 30.

federal prison regarding contraband being brought into the prison.[6]

Defendant, at that time, was housed in the "special housing unit" of the prison. At the suppression hearing, he described the unit's dismal conditions. Mines testified that he spent twenty-three hours of most days in a cramped cell and that any out-of-cell movement usually involved handcuffs.

For the interview, prison guards brought Defendant Mines from his cell to a large, open common area.[7] Three prison guards stood about forty feet away as Agent Berry and another officer interviewed Defendant at a small coffee table.[8] At the suppression hearing, Agent Berry described the conversation as relaxed. And Defendant himself described Agent Berry as "calm" and "decent" during the interview. Agent Berry was unarmed. Mines was handcuffed during the interview.

Neither Agent Berry, nor anyone else, gave Defendant Mines a *Miranda* warning. Although, according to Berry, Agent Berry told Defendant Mines he could leave at any time.

Agent Berry asked Mines about contraband in the prison.[9] Defendant told Agent Berry that he could hypothetically describe the four ways contraband could be brought into the prison if Mines was given immunity—which Berry told Defendant he could not provide.[10] The interview then ended. The interview lasted less than fifteen minutes.

## II. Discussion

The Fifth Amendment requires the Government to provide a *Miranda* warning

---

[6] Doc. 13 at 4; Doc. 17 at 2.
[7] Doc. 17 at 2.
[8] *See id.*
[9] Doc. 13 at 4; Doc. 17 at 2.
[10] Doc. 17 at 2.

Case No. 4:18-cr-552
Gwin, J.

before engaging in a "custodial interrogation."[11] However, the warning is only required if the interrogee was in custody, which is the key issue here.

Defendant was in custody if, "in light of the objective circumstances of the interrogation, a reasonable person would have felt he . . . was not at liberty to terminate the interrogation and leave."[12]

The Supreme Court has held that imprisonment alone does not satisfy this test.[13] Rather, the Court considers, *inter alia*, the: (i) location of the interview, (ii) duration of the interview, (iii) statements made during the interview, (iv) presence of physical restraints, and (v) release of the interviewee at the end of the questioning.[14] Further, the Court considers whether the circumstances of the interview implicate the same coercive pressures of the "station house interrogation."[15]

In *Howes v. Fields*, two armed deputies interviewed the defendant for five to seven hours.[16] The interviewing deputies used sharp language in a conference room.[17] However, the deputies informed the defendant he could leave if he wished and the defendant was not restrained.[18] The Supreme Court concluded that the defendant was not in custody.[19]

Comparing this case with *Howes*, it is impossible to conclude that Defendant Mines was in custody. His interview was radically shorter, in a large and open room. In fact, when compared with Defendant's daily routine, the circumstances of the interview seem especially non-coercive. Further, his questioner was unarmed and apparently more

---

[11] *United States v. Pacheco-Lopez*, 531 F.3d 420, 423 (6th Cir. 2008).
[12] *Howes v. Fields*, 565 U.S. 499, 509 (2012) (internal quotation marks, citations, and brackets omitted).
[13] *Id.* at 512.
[14] *Id.* at 510.
[15] *Id.* at 509.
[16] *Id.* at 503–04.
[17] *Id.*
[18] *Id.*
[19] *Id.* at 516.

-3-

amiable than the *Howes* deputies. Agent Berry credibly testified that he told Defendant he could leave any time. It is true that Defendant was physically restrained during the interview. But that alone is insufficient to tip the scales—especially since Defendant was routinely restrained at the prison.

Moreover, Defendant tried to trade information about contraband for immunity. And when it became clear that immunity was not forthcoming, the interview ended. Ultimately, Defendant's gambit proved to be a bad bet. But that Defendant attempted to leverage his information undercuts any notion that Defendant felt coerced.

In sum, Defendant's interview bears little resemblance to the coercive conditions of *Miranda*'s station house interrogation and the Court concludes that Defendant was not in custody.

For the foregoing reasons—and those stated at the suppression hearing—the Court **DENIES** Defendant's motion to suppress.

IT IS SO ORDERED.

Dated: November 28, 2018          *s/ James S. Gwin*
                                               JAMES S. GWIN
                                               UNITED STATES DISTRICT JUDGE