# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 4:18-CR-00552 |
| Plaintiff, | : | |
| | : | JUDGE JAMES S. GWIN |
| vs. | : | |
| ARMANDO MINES, | : | **DEFENDANT ARMANDO MINES'S SENTENCING MEMORANDUM** |
| Defendant. | : | |

Defendant Armando Mines, through counsel, respectfully submits the instant Sentencing Memorandum to support his request for a sentence of 12 months and 1 day. This sentence is sufficient but not greater than necessary to achieve the statutory goals of sentencing under to Title 18, United States Code §§ 3553(a) and 3661.

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928

*/s/CAROLYN M. KUCHARSKI*
Assistant Federal Public Defender
Ohio Bar: 0062119
*/s/ CATHI ADINARO*
Attorney at Law
Ohio Bar: 0088731
Office of the Federal Public Defender
1660 West Second Street, #750
Cleveland, OH 44113
(216)522-4856   Fax:(216)522-4321
E-mail: carolyn_kucharski@fd.org
E-mail:  cathi_adinaro@fd.org

# MEMORANDUM

## I. Introduction

In September 2018, a single-count indictment was filed charging Armando Mines with attempting to possess prohibited objects in a federal correctional institution, in violation of 18 U.S.C. § 1791(a)(2). (Dkt. 1: Indictment). Mr. Mines moved to suppress his statement made to law enforcement. After a hearing, the Court denied his motion. (Dkt. 35: Opinion and Order).

On November 29, 2018, Mr. Mines pled guilty with a written plea agreement. (Dkt. 36 and 37). He is now before this Court for sentencing. For the reasons set out below, as well as the arguments that will be made orally at the sentencing hearing, Mr. Mines respectfully requests this Court impose a sentence of 12 months and 1 day, which is sufficient but not greater than necessary to achieve the goals of sentencing.

## II. Advisory Sentencing Guidelines

A Presentence Investigation Report ("PSR") was prepared and calculated Mr. Mines's Guideline range at 18 to 24 months, with a Total Offense Level of 13, and a Criminal History Category III. (Dkt. 43: PSR, ¶¶ 23, 39, 68). This range is different from what was contemplated by the parties in the plea agreement. (Dkt. 43: PSR, ¶ 70). In the plea agreement, the parties stipulated to a Total Offense Level of 13, before acceptance. The parties further agreed that no other specific offense characteristics or Guideline adjustments apply. (Dkt. 37: Plea, ¶ 15). Applying a two-level downward adjustment for his acceptance of responsibility, results in a Total Offense Level 11, with a corresponding range of 12 to 18 months. For the reasons stated below, Mr. Mines requests this Court follow the Guidelines calculation as recommended by the parties in the written plea agreement and impose a sentence at the low end of the range.

### a. Mr. Mines was not an organizer, leader, manager, or supervisor.

The Guidelines calculation in the PSR is inconsistent with the plea agreement in one respect. The PSR suggests Mr. Mines was "an organizer, leader, manager, or supervisor" and recommends a two level enhancement under U.S.S.G. § 3B1.1(c). (Dkt. 43: PSR, ¶ 18). Mr. Mines's role in the offense was not that of an "organizer, leader, manager, or supervisor" and his conduct does not qualify for this enhancement. The PSR concludes the aggravating role enhancement applies because Mr. Mines "recruited, directed, and agreed to pay at least one other individual, Ricardo Matos, to purchase and deliver cell phones to [Mr. Mines] at the prison." (Dkt. 43: PSR, Addendum). Mr. Mines objects.

The commentary of U.S.S.G. § 3B1.1 lists factors for this Court to consider when determining if an aggravating role enhancement applies. These factors include:

> the exercise of decision making authority, the nature of the participation in the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in the planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

§ 3B1.1, Application Note 4. A mere buyer/seller relationship will not support an aggravated role enhancement under U.S.S.G. § 3B1.1. *United States v. Gibson*, 985 F.2d 860, 866 (6th Cir. 1993).

The aggravating role enhancement does not apply in this case because: (1) the only evidence suggesting Mr. Mines "recruited" or "directed" Ricardo Matos comes entirely from the self-serving statements Mr. Matos made to law enforcement when he was arrested and negotiating his own plea deal; and (2) even if Mr. Matos's statements are taken as true, the evidence reflects nothing more than a buyer/seller relationship, which is insufficient to support the aggravating role enhancement.

This Court should discredit any statement Mr. Matos made indicating or inferring that Mr. Mines recruited or directed him to participate in this offense. Mr. Matos had a strong motive to downplay his role in the offense to try to get the least amount of prison time possible. A quick review of the facts make clear Mr. Matos was out to protect himself from the very beginning.

On December 30, 2017, law enforcement responded to a single car accident and found Mr. Matos and a Gregory Cole high on marijuana and K2 (synthetic marijuana). Inside the car, they found drugs (K2) and a backpack, which contained cell phones (and related items) and two small pocket knives. (Dkt. 43: PSR, ¶ 6). At that time, Mr. Matos was on federal supervision and knew he was almost certainly facing additional prison time. Matos then offered to cooperate with law enforcement and in doing so framed his involvement in a way to benefit him by suggesting that Mr. Mines was the leader of this scheme. Ultimately, based on his cooperation, Mr. Matos pled to a misdemeanor state offense for which he received credit for time served, 151 days. (See Exhibits A and B.)

There is no credible evidence to support Matos's story that Mr. Mines was the one who initiated this scheme, or that he recruited or directed Mr. Matos in any way. Mines had no supervisory or managerial control over Matos. They knew each other from being cellmates in prison and remained in contact after Mr. Matos' release through email, phone and mail. The following factors are important to consider. First, Mr. Mines was incarcerated and Mr. Matos was not. Practically speaking, it would be hard for Mr. Mines to supervise or manage anyone from inside the BOP. Second, even Matos's statements reflect Mines did not have any supervisory role over him. Mr. Matos says he "worked with the defendant on three occasions" and on two of those occasions Matos himself recruited someone else to throw a package over the fence of the BOP. Mr. Mines has no knowledge of the people Matos recruited, and he had never heard the name

4

Gregory Cole. Gregory Cole confirmed he did not know Armando Mines and was recruited solely by Ricardo Matos.

Mr. Mines does not dispute that he purchased cell phones from Matos and that Matos was to deliver them to him at FCI Elkton. However, their relationship was one of buyer/seller, not organizer/participant. The Sixth Circuit has held that to support an aggravated role enhancement under U.S.S.G. § 3B1.1 "more is required than a mere buyer/seller relationship." *United States v. Gibson*, 985 F.2d 860, 866 (6th Cir. 1993). Mr. Mines purchased cell phones and other contraband from Matos. That is where there relationship ended. Mr. Mines had no control or supervisory role over Matos. The fact that Mr. Mines sold the contraband obtained from Matos to others does not make him an organizer, leader, manager, or supervisor. A role as a middleman is insufficient to support an aggravated role enhancement. *Gibson*, 985 F.2d at 867 (quoting *United States v. Brown*, 944 F.2d 1377 (7th Cir. 1991) ("Section 3B1.1 requires 'the exercise of some authority in the organization, the exertion of some degree of control, influence, or leadership.'"). For all of these reasons, this Court should find that the aggravating role enhancement does not apply under the facts in this case.

Alternatively, should this Court conclude the enhancement under U.S.S.G. § 3B1.1(c) does apply, Mr. Mines requests the Court impose a sentence within the range contemplated by the parties in the plea agreement. The parties agreed, based on a holistic review of the evidence, that Mr. Mines was not a leader in the offense. In the plea agreement, the parties specified which sentencing enhancements applied and agreed that that "no other specific offense characteristics, Guideline adjustments or Guideline departures apply." (Dkt. 37: Plea, ¶ 15).

In 2016 and 2017, Mr. Mines was punished by the BOP for using a cell phone. (*See* Dkt. 43: PSR, ¶ 5[1]). As part of his punishment, Mr. Mines spent 60 days on each occasion in the Special Housing Unit (SHU), was moved to a higher security prison, forfeited good-time credit towards his sentence and lost visitation and property privileges. Because of that conduct Mr. Mines will already spend more time in the custody of the BOP and substantially more time than the 151 days Mr. Matos' received for his part. Mr. Mines requests this Court take into consideration the punishment already imposed by the BOP when determining what kind of sentence is sufficient but not greater than necessary.

**III.     Conclusion**

Mr. Mines respectfully requests this Court follow the recommendation of the parties as detailed in the plea agreement and impose a sentence at the low-end of the guidelines range. A sentence of 12 months and 1 day is "sufficient but not greater than necessary" to achieve the statutory purposes of punishment, as required by 18 U.S.C. § 3553(a).

                  Respectfully submitted,

                  STEPHEN C. NEWMAN
                  Federal Public Defender
                  Ohio Bar:  0051928

                  */s/CAROLYN M. KUCHARSKI*
                  Assistant Federal Public Defender
                  Ohio Bar: 0062119

---

[1] The PSR states that Mr. Mines was caught in possession of a cell phone in 2017. This is not true. A cell phone was found and a review of the numbers on the phone led the BOP to charge Mr. Mines with use of that cell phone. He was not in possession of the phone.

*/s/ CATHI ADINARO*
Attorney at Law
Ohio Bar: 0088731
Office of the Federal Public Defender
1660 West Second Street, #750
Cleveland, OH 44113
(216)522-4856   Fax:(216)522-4321
E-mail: carolyn_kucharski@fd.org
E-mail: cathi_adinaro@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2019, a copy of the foregoing Sentencing Memorandum was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

*/s/CAROLYN M. KUCHARSKI*
Assistant Federal Public Defender
Ohio Bar: 0062119

7