UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 4:18-cr-00552 |
| | : | |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Doc. 55] |
| vs. | : | |
| | : | |
| ARMANDO MINES, | : | |
| | : | |
| Defendant. | : | |
| | : | |

------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Armando Mines requests a reduced sentence under the compassionate release statute, 18 U.S.C. § 3582.[1] The Government opposed Mines's petition.[2]

For the reasons stated below, the Court **GRANT** Mines's motion for compassionate release.

### I. Background

On November 29, 2018, Defendant Mines pleaded guilty to one count of possession of contraband in prison, in violation of 18 U.S.C. § 1791(a)(2).[3] On April 30, 2019, this Court sentenced Mines to 16-months imprisonment with credit for time served, but consecutive to his previous sentence. The Court also ordered Mines to serve three years of supervised release.[4]

------

[1] Doc. 55, 57. Mines filed his original petition pro se, but filed another motion and a sealed supplement with counsel. Docs. 58, 61. Mines then filed a notice of his Pattern assessment's reduction from medium to low and an additional supplement pro se. Docs. 62, 64.
[2] Doc. 56, 63.
[3] Doc. 37.
[4] Doc. 46.

Case No. 4:18-cr-552
Gwin, J.

On April 27, 2020 Mines filed the instant motion for compassionate release.[5]

For the following reasons, the Court **GRANTS IN PART** Mines's motion for compassionate release.

## II. Discussion

### A. Exhaustion

The Court may modify a defendant's term of imprisonment upon a motion from a defendant once 30 days have expired since the warden of the defendant's facility received such a motion from the defendant.[6]

Mines states that he requested compassionate release in an email on April 14, 2020, a copy of which he submitted as an exhibit.[7] The Government argues that the Warden never received this request.[8] However, in an email between the federal public defender and Mines's prison unit manager, submitted as an exhibit, the unit manager confirmed that the Warden replied to Mines's email requesting compassionate release and advised Mines to submit a request through his Unit Team.[9]

Neither the compassionate release statute, nor the Bureau of Prison's own program statement regarding compassionate release procedures, 5050.50, require inmates to request compassionate release through a unit team.[10] In fact, both reference an inmate's submission of such requests to the warden.

Because more than 30 days have expired since Mines asked the Warden for

---

[5] Doc. 55.
[6] 18 U.S.C. § 3582(c)(1)(A)(i).
[7] Doc. 55-1.
[8] Doc. 56.
[9] Doc. 58-1.
[10] 18 U.S.C. § 3582(c)(1)(A); Program Statement 5050.50: Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g), Federal Bureau of Prisons (Jan. 17, 2019), https://www.bop.gov/policy/progstat/5050_050_EN.pdf.

Case No. 4:18-cr-552
Gwin, J.

compassionate release, he has satisfied the exhaustion requirement.

### B. Eligibility

To grant compassionate release, the Court must find that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[11] The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553.[12] Under the compassionate release statute, the Court may "reduce the term of imprisonment and impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment."[13]

Mines argues that he suffers from medical conditions that put him at higher risk of serious medical consequences, including death, if he contracts COVID-19. Specifically, he states that he suffers from and takes medication for hypertension.[14]

Mines's health status, in conjunction with the fact that FCI Coleman Low has had cases of COVID-19, present extraordinary and compelling reasons that justify the grant of compassionate release.[15] Because Mines is at a greater risk for medical complications if he contracts the virus, Mines's health and life are in serious danger if he continues to serve his sentence at Coleman. Moreover, granting compassionate release here accords with 18 U.S.C. § 3553(a) and the Sentencing Commission's policy statements.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Mines's request for compassionate

---

[11] 18 U.S.C. § 3582(a)(1)(A).
[12] *Id.*
[13] *Id.*
[14] Docs. 61-1, 64-1.
[15] Commentary to FSG § 1B1.13.

-3-

Case No. 4:18-cr-552
Gwin, J.

release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Court orders that Mines shall serve his remaining months of imprisonment on supervised release, with credit given for time served. The conditions of that supervised release include those originally imposed at Mines's sentencing, with the additional requirement of home incarceration with electronic monitoring. After Mines's period of supervised release with home confinement expires, it is to be followed by the three years of supervised release imposed at Mines's sentencing, under the supervised release terms of his original sentence.[16]

Furthermore, the Court orders BOP to take measures, including a 14-day pre-transfer quarantine and testing, to ensure that Mines is free of COVID-19 prior to his release.

IT IS SO ORDERED.

Dated: July 15, 2020                     *s/      James S. Gwin*
                                         JAMES S. GWIN
                                         UNITED STATES DISTRICT JUDGE

---

[16] Doc. 47.

-4-